Robert L. **EPPERSON**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 81–332.

District of Columbia Court of Appeals.

Submitted Sept. 1, 1983.

Decided Feb. 2, 1984.

Edward N. Leavy, Washington, D.C., appointed by this court, was on the brief for appellant.

Regina C. McGranery, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, Michael W. Farrell and Judith Hetherton, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before MACK and FERREN, Associate Judges, and GALLAGHER, Associate Judge, Retired.

PER CURIAM:

Appellant was charged with two counts of larceny after trust, D.C.Code § 22–2203

(1981), and one count of larceny by trick, D.C.Code § 22–2202 (1981). After a two day jury trial, the jury found appellant guilty on the two counts of larceny after trust and acquitted on the remaining charge.

The sole issue before us is whether, on the particular facts of this case, the trial court erred in giving the instruction recommended by the court in *Winters v. United States,* 317 A.2d 530 (D.C.1974) after previously having given, for the most part, the instruction recommended in the concurring opinion of *Winters.*

The jury began its deliberations at 3:46 p.m. on the second day of the trial, and in about one hour was excused for the day by the court. The jury resumed deliberation the next morning, and in an hour, the court announced it had received a note from the jury saying it was unable to reach a unanimous verdict. This note came after a little less than two hours of deliberation.

Without opposition of counsel, the court gave, in substantial part, the instruction proposed by the concurring opinion in *Winters.* The jury resumed deliberation, but in about an hour and a half, the court reconvened to announce another jury note saying it was "hung." Over appellant's objection, the court then gave the instruction recommended by the court in *Winters.*

Preliminarily, we might say that in giving this court's recommended instruction in *Winters,* the trial judge was apparently of the view that the instruction recommended by this court in *Winters* "is the law." Actually, this court in *Winters* stated specifically that:

> Our decision herein *should not be understood to limit the instructional discretion of the trial judges.* We are only setting the highwater mark for an anti-

deadlock charge. Use of a less emphatic charge such as the one contained in the ABA standards [1] may be deemed appropriate, either in the original charge or after deadlock becomes apparent. [Emphasis added.]

*Id.* at 533–34.

The question here is not whether the *Winters* charge, or any particular charge should have been given. The problem is with the "one-two" effect of the successive charges to the jury, both of which are designed to prod a verdict from a deadlocked jury. It is sensible to give a deadlocked jury a temperate instruction calculated to produce a verdict. That is in the public interest. But, to twice give such a designed instruction crosses the line into the forbidden area of verdict coercion. There can be no second time around on such an instruction.

While it is true that the first deadlock instruction given by the court in this case [2] was somewhat milder than the second instruction, that is not a controlling consideration, as both instructions are specifically designed to bring out a jury verdict from a hung jury. That is the important factor. When it comes to that type of instruction, once is enough. Otherwise, the trial court will get into the area of coercing jury verdicts, and that is not permissible.[3]

It was prejudicial error to give the second *Winters* instruction in this case.

*Reversed.*

---

1. For the ABA charge, *see Winters, supra,* 317 A.2d 531 n. 2.

2. This instruction for the most part is contained in the concurring opinion in *Winters. See Winters v. United States, supra,* 317 A.2d at 530. As there stated, that instruction is composed of the ABA approved instruction plus a temperate

prod to secure a verdict. Thus, it is stronger than the ABA instruction, but somewhat less emphatic than the instruction recommended in the court's opinion in *Winters.*

3. This subject matter is explored at some length in the opinions in *Winters, supra.*